1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES COURT**
**For the Northern District of California**

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

HARD DRIVE PRODUCTIONS INC.,

             Plaintiff,

   v.

DOES 1-58,

             Defendants.

_____/

No. C 11-02537 LB

**AMENDED ORDER GRANTING IN
PART AND DENYING IN PART
PLAINTIFF'S *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY**[1]

**[ECF No. 5]**

## I.  INTRODUCTION

Plaintiff Hard Drive Productions, Inc. asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* and for civil conspiracy.  Complaint, ECF No. 1.[2]  It seeks permission to take limited, expedited discovery from certain Internet Service Providers ("ISPs") to identify and name the Doe defendants in this case so that it can complete service of process.  *Ex Parte* Motion for Expedited Discovery, ECF No. 5 at 4.  Hard Drive consented to this court's jurisdiction on May 26, 2011.  ECF No. 4.

As discussed below, the court finds good cause exists for Hard Drive to engage in this preliminary discovery but only with respect to Doe 1.  Because Hard Drive has not demonstrated

---

[1] The court issues this amended order deleting its discussion of personal jurisdiction in Section III, B below.  All other aspects of the order are unchanged.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1    that permissive joinder is appropriate, the court severs Does 2-58 from this action and dismisses

2    them without prejudice.

3                                  **II.   BACKGROUND**

4         Hard Drive is an Arizona-based company that is the exclusive licensee for the reproduction and

5    distribution rights for "Amateur Allure – Jayden," a copyrighted file.  Complaint, ECF No. 1 at 4, ¶¶

6    6-7.  A copyright application for this work is currently pending.  *Id.* at 7, ¶ 20.  According to Hard

7    Drive, the Doe defendants, without its permission, reproduced and distributed "Amateur Allure –

8    Jayden" to numerous third parties through a peer-to-peer file sharing network thereby violating the

9    Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and causing economic and reputation damages.  *Id.*

10   at 7, ¶ 23, 8, ¶ 29; *see also id.* at ¶¶ 32-39 (also claiming a common-plan civil conspiracy to

11   unlawfully reproduce and distribute the work).

12        Because the peer-to-peer file sharing network that the Doe defendants utilized is partially

13   anonymous, Hard Drive does not know the defendants' names and addresses and cannot complete

14   service of process on them.  Motion, ECF No. 5 at 4.  It has been able to identify the Internet

15   Protocol ("IP") address assigned to each of the Doe defendants and the date and time that each

16   defendant allegedly infringed on Hard Drive's copyrighted work.  *Id.*; Complaint, ECF No. 1-1 at 2-

17   3, Exh. A.  Additionally, Hard Drive identified the Internet Service Provider ("ISP") for each of the

18   IP addresses.  Motion, ECF No. 5 at 5.  Hard Drive therefore asks for early discovery under Federal

19   Rule of Civil Procedure 26(d) and leave to serve Rule 45 third-party subpoenas on each ISP

20   associated with the identified IP addresses to obtain the names and contact information of the Doe

21   defendants to effect service of process on them.  *Id.* at 15-16 and Ex. A.

22                                  **III.  DISCUSSION**

23   **A.  Legal Standard for Leave to Take Early Discovery**

24        A court may authorize early discovery before the Rule 26(f) conference for the parties' and

25   witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the

26   Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery.

27   *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.

28   15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002);

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-02537 LB
AMENDED ORDER RE EARLY DISCOVERY

*Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**1. Hard Drive Has Shown Good Cause**

Here, Hard Drive has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, Hard Drive has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 1-1 at 2-3; Hansmeier Declaration, ECF No. 5-1 at 5-8, ¶¶ 12-20.

Second, Hard Drive has adequately described the steps it took to locate and identify the Doe defendants. Specifically, it investigated and collected data on unauthorized distribution of copies of "Amateur Allure – Jayden" on BitTorrent-based peer-to-peer networks. Hansmeier Declaration, ECF No. 5-1 at 5-8, ¶¶ 12-20. The data that Hard Drive gathered, separated out by Doe defendant, is listed in Exhibit A to the complaint and includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the defendant infringed on its copyrighted work. Exh. A, ECF No. 1-1 at 2-3. Hard Drive has been unable to further identify the Doe defendants. Hansmeier

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Declaration, ECF No. 5-1 at 6, ¶ 15.

2       Third, Hard Drive pled the essential elements to state a claim for copyright infringement.

3   Complaint, ECF No. 1 at 7-9, ¶¶ 18-39.[3]

4       Fourth, Hard Drive has demonstrated that the proposed subpoena seeks information likely to lead

5   to identifying information that will allow it to effect service of process on the Doe defendants.

6   Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify

7   the Doe defendant who subscribed to its service, including the defendant's name, address, telephone

8   number, email address, and media access control address.  Motion, ECF No. 5 at 15.

9       Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant

10  Hard Drive leave to conduct early discovery generally.  *See Semitool*, 208 F.R.D. at 276.

11  Furthermore, the court finds that early discovery furthers the interests of justice and poses little, if

12  any, inconvenience to the subpoena recipient.  Permitting Hard Drive to engage in this limited, early

13  discovery is therefore consistent with Rule 26(d).

14  **B.  Hard Drive Failed to Show that Permissive Joinder is Appropriate**

15      Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is

16  asserted against them jointly, severally, or in the alternative with respect to or arising out of the

17  same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or

18  fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Where misjoinder

19  occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be

20  prejudiced by the severance."  *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Fed. R.

21  Civ. P. 21.  Courts should construe Rule 20 liberally "in order to promote trial convenience and to

22  expedite the final determination of disputes."  *See League to Save Lake Tahoe v. Tahoe Reg'l*

23

24  ───────────────────

25      [3] Hard Drive arguably did not plead the elements for a civil conspiracy claim.  *See Millennium TGA, Inc. v. Doe*, No. C 11–2258 SC, 2011 WL 1812786, at *2 (N.D. Cal. May 12,

26  2011) (dismissing an identical claim asserted by Hard Drive's counsel in a different case).  Also, other than allegations that the Doe defendants engaged in similar conduct, Hard Drive has not pled

27  sufficient facts to show that they agreed to commit a wrongful act (i.e. they were part of the same swarm).  Nonetheless, because Hard Drive sufficiently pled the essential elements of a copyright

28  infringement claim, it satisfied the third requirement for early discovery.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   *Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).  Courts may consider various factors to

2   determine whether joinder "comport[s] with the fundamental principles of fairness," including the

3   possibility of prejudice to the parties and the motives of the party seeking joinder.  *See Desert*

4   *Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

5         Other courts in this district and elsewhere have found misjoinder in similar copyright

6   infringement cases.  *See, e.g., Diabolic Video Prods. v. Does 1-2099*, No. C 10-5865 PSG, 2011

7   U.S. Dist. LEXIS 58351, at *9 (N.D. Cal. May 31, 2011); *Pac. Century Int'l, Ltd. v. Does 1-101*,

8   No. C 11-02533 DMR, 2011 U.S. Dist. LEXIS 73837, at *7-*14 (N.D. Cal. Jul. 8, 2011) (collecting

9   cases); *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *3-*6 (N.D. Cal. Feb.

10  3, 2011) (collecting cases).  Those courts have found allegations that BitTorrent users downloaded

11  the same copyrighted files insufficient to support joinder.  *See, e.g., Pac. Century Int'l*, 2011 U.S.

12  Dist. LEXIS 73837 at *12-*13.  In contrast, other courts have found joinder appropriate at this stage

13  in the litigation.  *See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 342-

14  43 (D.D.C. 2011); *Donkeyball Movie, LLC v. Does 1-171*, Civil Action No. 10–1520 (BAH), 2011

15  WL 1807452, at *4-*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1-5829*, Civil Action

16  No. 11–57 (CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011).

17        The court concludes here that Hard Drive fails to demonstrate that joinder is appropriate.  It

18  argues that the Doe defendants are properly joined "even if they were not engaged in a

19  contemporaneous swarm because they have contributed to the chain of data distribution due to their

20  prior involvement in like swarms."  Complaint, ECF No. 1 at 3, ¶ 5; *see also* Hansmeier Declaration,

21  ECF No. 5-1 at 4-5, ¶ 9 (acknowledging that different uploaded versions of the protected work

22  spawn discrete swarms that cluster around the original seed file).  Moreover, the "nature of the

23  BitTorrent distribution protocol necessitates a concerted action by many people in order to

24  disseminate files."  *Id.*  These arguments fail.  *See, e.g., Pac. Century Int'l*, 2011 U.S. Dist. LEXIS

25  73837 at *12-*13.  Hard Drive relies on the fact that the Doe defendants engaged in the same

26  behavior concerning the same protected work to justify joinder.  Complaint, ECF No. 1 at 3, ¶ 5.

27  Without more, permissive joinder is inappropriate, particularly given that 58 Doe defendants

28  downloaded the protected work at various dates and times ranging from May 3, to May 24, 2011.

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Complaint, ECF No. 1-1 at 2-3, Ex. A; *See Diabolic Video Prods.*, 2011 U.S. Dist. LEXIS 58351 at

2   *11 n.16 (collecting cases).

3       Joinder also fails to promote trial convenience and expedition of the ultimate determination of

4   the substantive issues in this case.  Though the 58 Doe defendants may have engaged in similar

5   behavior, they are likely to present different defenses.  *See BMG Music v. Does 1-203*, No. Civ.A.

6   04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).  As one court noted, "Comcast subscriber

7   John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while

8   John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works.  John Does 3

9   through 203 could be thieves, just as Plaintiffs believe."  *Id.*

### IV.  CONCLUSION

11      For the reasons stated above, the court **SEVERS** Does 2-58 from this action and **DISMISSES**

12  **WITHOUT PREJUDICE** Hard Drive's claims against them.  Should Hard Drive refile separate

13  complaints against any of these defendants within 20 days of this order, those suits will be deemed a

14  continuation of the original action for purposes of the statute of limitations.

15      The court **GRANTS** Hard Drive's *Ex Parte* Motion for Expedited Discovery with respect to Doe

16  1 as follows.

17      1.  **IT IS HEREBY ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on

18  the Internet Service Provider (ISP) listed in Exhibit A to the complaint to obtain information to

19  identify Doe 1, including his or her name, address, telephone number, email address, and media

20  access control address.  The subpoena shall have a copy of this order attached.

21      2.  **IT IS FURTHER ORDERED** that the ISP will have 30 days from the date of service upon

22  them to serve Doe 1 with a copy of the subpoena and a copy of this order.  The ISP may serve Doe 1

23  using any reasonable means, including written notice sent to his or her last known address,

24  transmitted either by first-class mail or via overnight service.

25      3.  **IT IS FURTHER ORDERED** that Doe 1 shall have 30 days from the date of service upon

26  him or her to file any motions in this court contesting the subpoena (including a motion to quash or

27  modify the subpoena).  If that 30-day period lapses without Doe 1 contesting the subpoena, the ISP

28  shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

4.  **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5.  **IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  The ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6.  **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7.  **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

This disposes of ECF No. 5.

**IT IS SO ORDERED.**

Dated: August 15, 2011

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 11-02537 LB
AMENDED ORDER RE EARLY DISCOVERY

7